**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Robert Minervini,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | No. CV-18-03594-PHX-DLR<br>No. CR-17-01577-PHX-DLR<br><br>**ORDER** |

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 1)[1] and amended petition (Doc. 6), United States Magistrate Judge Michelle H. Burns' Report and Recommendation ("R&R") (Doc. 21), Petitioner's objection to the R&R (Doc. 22), and the United States' response to Petitioner's objection (Doc. 23).[2] The Court has reviewed the R&R de novo in light of Petitioner's objections. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the Court must make a de novo determination of those portions of the R&R to which specific objections are made). For the following reasons, the Court will adopt the R&R and overrule Petitioner's objections.

Petitioner first objects to the R&R's recommendation that the claims alleged in grounds two and three be denied. Particularly, the R&R found that because Petitioner's

---

[1] All docket citations in this order refer to the civil docket, only.
[2] Petitioner also filed a reply to the United States' response, which repeats his objections to the R&R's findings on grounds 2 and 3. (Doc. 26.)

sentence was consistent with the plea agreement, he effectively waived his right to collaterally attack the sentence, and thus to assert ineffective assistance of counsel at sentencing. Like in *Nunez*, all the elements for a valid waiver are present. *United States v. Nunez*, 223 F.3d 956 (9th Cir. 2000). The waiver language in Petitioner's plea agreement is unmistakable and Petitioner knowingly and voluntarily consented to the agreement's express terms. *See Nunez*, 223 F.3d at 959 ("Because Nunez's waiver of appeal in his signed plea agreement is unambiguous, and because he waived the issue whether it was knowingly and voluntarily made, we must dismiss his appeal."). The R&R correctly notes, "[w]hen a waiver specifically includes the waiver of the right to appeal a sentence, then it also waives the 'right to argue ineffective assistance of counsel at sentencing.'" (Doc. 21 at 7 (citing *Nunez*, 223 F.3d at 959)). Petitioner's first objection is therefore overruled.

Petitioner next objects to the R&R's denial of ground five, which asserts that counsel was ineffective for failing to object to the five-level enhancement under § 2G2.2(b)(3)(B). The R&R found no prejudice resulting from counsel's failure to object, (Doc. 21 at 11), and Petitioner's argument—that the correct guideline range was 87-108 months—is without factual basis and relies on an incorrect reading of the Presentence Report ("PSR"). The PSR correctly applied the benefits for acceptance of reasonability in paragraphs 23 and 24 and there is no basis for the Court to find that the guideline calculations at sentencing were improperly determined. Therefore, the R&R correctly determined that the guideline range, absent the negations, would have been 121-151 months. Because negotiated guideline range of 97-121 months was below the range Petitioner would have faced absent the plea agreement, he suffered no prejudice. Petitioner's second objection is overruled.

Accordingly, the Court accepts the magistrate judge's recommended disposition within the meaning of Rule 72(b) and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS THEREFORE ORDERED** that Magistrate Judge Burns' R&R (Doc. 21) is

1 **ACCEPTED**.  Petitioner's motion to vacate (Doc. 1) is **GRANTED IN PART AND**
2 **DENIED IN PART**.  Ground One is **GRANTED AND REMANDED** to this Court for
3 reconsideration and possible resentencing with respect to the special restrictive conditions
4 of release—that he have no contact with his own children and abstain from alcohol, only.
5 The remaining portion of Ground One, if any, is denied and dismissed with prejudice.
6 Grounds Two, Three, Four, and Five **are DENIED AND DISMISSED** with prejudice.

7     **IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to
8 proceed in forma pauperis on appeal are **DENIED** because Petitioner has not made a
9 substantial showing of the denial of a constitutional right.

10     **IT IS FURTHER ORDERED** that CJA panel attorney Mr. James Sun Park is
11 appointed, in the criminal matter only, to represent Petitioner for re-sentencing.  The parties
12 in the criminal matter shall participate in a telephonic conference at **10:00 A.M.** on **July**
13 **14, 2020** to schedule the re-sentencing hearing.  The parties will be provided call-in
14 information by separate email.

15     Dated this 18th day of June, 2020.

Douglas L. Rayes
United States District Judge